Wanamakeb, J.
The court below found the existence of a contract between Burton C. Conn and J. B. Carey, that Conn performed the services therein provided for in behalf of Carey, and that by reason thereof Conn was entitled to a judgment for $1,200.
Complaint is made on behalf of the defendant below that the court erred in striking from the answer the defendant’s plea of res adjudícala arising out of the former action for specific performance brought by J. B. Carey against Stutsman, trustee.
It will be observed that Conn was not a party to that action. How then could he be bound in any wise by the result of such action? Why such action may have failed is of no consequence in the determination of Conn’s claim against Carey or his estate.
A further claim made against the petition and the evidence below is that the “plaintiff below, did not plead in his petition, nor did he offer upon the trial any evidence, showing that the purchaser, A. C. Stutsman, trustee, was able by reason of financial ability, to purchase on the terms set forth in the con *116 tract, nor did he plead, or offer evidence to show that the said purchaser was ready, willing and able to purchase said property on the terms of the contract, or that said A. C. Stutsman ever did purchase and pay for said property, or comply with the terms of the contract; nor did he plead or show that said contract was a valid, binding and enforceable contract.”
The evidence offered in open court showed a contract of sale between J. B. Carey and A. C. Stutsman, trustee. That contract of sale made immaterial the complaint made by the plaintiff in error. The financial responsibility of the prospective purchaser was open to question by Carey until the contract of sale was agreed upon and completed. After the contract was duly executed by the parties, such contract constituted a waiver so far as Conn was concerned in regard to the purchaser being ready, willing, and able to purchase the property. Whatever infirmities may have arisen out of the contract and conduct of the parties thereafter did not and could not in any wise prejudice the rights of Conn to recover upon his contract to find such purchaser and make such sale.
We find no error in the record, and the judgment below is therefore affirmed.

Judgment affirmed.

Marshall, C. J., Robinson, Jones, Day and Allen, JJ., concur.
Matthias, J., took no part in the consideration or decision of the case.